```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :      PROTECTIVE ORDER

            -v.-                  :      S2 21 Cr. 706 (JPO)

BRIAN BENJAMIN,                   :

                 Defendant.       :

- - - - - - - - - - - - - - - - - -x
```

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Damian Williams, by Assistant United States Attorneys David Abramowicz, Alison Moe, Tara La Morte, and Jarrod Schaeffer; and with the consent of BRIAN BENJAMIN, the defendant, by and through his counsel, Barry Berke and Dani James, Esqs.:

WHEREAS, BRIAN BENJAMIN, the defendant, has certain rights to pretrial discovery under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the discovery that the Government intends to provide to the defendant contains materials that, if disseminated to third parties, could, among other things, impede ongoing investigations

1

and implicate the privacy and confidentiality interests of third parties;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein; and

WHEREAS, BRIAN BENJAMIN, the defendant, by and through defense counsel, consents to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. Discovery materials produced in this case are "Protected Materials," which may be used by the defendant, defense counsel, and defense counsel's agents (collectively, the "Defense") only for purposes of defending the charges, in connection with any sentencing, and in connection with pursuing any appeals, in relation to this criminal action.

2. The Protected Materials and the information contained or disclosed therein shall not be disclosed in any form by the Defense to any third party except as set forth in paragraphs 3 and 4 below.

3. The Protected Materials may be disclosed to third parties only by the defendant's counsel and only to the following persons (collectively, "Designated Persons"):

    a. personnel for whose conduct defense counsel is responsible, (*i.e.*, personnel employed by or retained by counsel), as needed for purposes of defending this action;

    b. potential witnesses for the Defense and their counsel; and

    c. such other persons as hereafter may be authorized by the Court upon a motion by the defendant.

  4. The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 3.  Designated Persons shall be subject to the terms of this Order and may not disclose the Protected Materials to any third party.  To the extent that the Defense discloses materials subject to the protections of this Order to Designated Persons, the Defense shall encrypt and/or password protect the materials.

  5. The Protected Materials shall be destroyed or returned to the Government by the Defense and the Designated Persons following the conclusion of this case, including after any appeals.

  6. The defendant, the Defense, and Designated Persons shall not disclose Protected Materials or information contained within the Protected Materials to members of the media, nor shall the defendant, the Defense, and Designated Persons post any Protected Materials on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendant, the Defense, and Designated Persons have access.

7. The Government may designate certain Protected Materials as Highly Sensitive in writing, either by marking the material itself or by means of a separate index or other written designation. This Order does not prevent the disclosure of any Protected Materials or Highly Sensitive material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action, except that either party seeking to publicly file, or specifically describe in a public filing, Highly Sensitive material, must either (i) file the discovery material under seal, or (ii) provide reasonable notice to the opposing party to permit the parties to confer on the proper treatment of the discovery material. If the parties are unable to reach agreement as to whether redactions to the public filings are warranted, or to the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing. All public filings shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1, as well as all relevant Local Rules in the Southern District of New York regarding such information.

8. Any disputes concerning this Order that cannot be resolved among the parties will be brought to the Court for a ruling before any public disclosure of Protected Materials is made.

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

Dated:  New York, New York
        April 18, 2022

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge