**STROOCK**

November 22, 2022

Joel Cohen
Direct Dial: 212.806.5644
jcohen@stroock.com

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     United States v. Benjamin, No. S2 21 Cr. 706 (JPO)

Dear Judge Oetken:

On behalf of our client, Gerald Migdol, we respectfully submit this limited response to Brian Benjamin's letter motion, dated Nov. 9, 2022 ("Letter Motion," ECF Doc. # 68 at 9-10), requesting that this Court so-order the Fed. R. Crim. 17(c) subpoena attached as Ex. K to Barry Berke's Declaration (the "Subpoena," ECF Doc. # 69-11). Mr. Migdol also joins in the Government's Opposition to Mr. Benjamin's Letter Motion arguing that the Subpoena is improper ("Govt. Opposition," ECF Doc. # 71 at 9-10).[1]

Mr. Benjamin's Letter Motion asserts in conclusory fashion that the documents sought in connection with the Subpoena are "plainly discoverable" under Rule 17(c) because they are "material to preparing [his] defense." Letter Motion at 9. That argument plainly misconstrues the scope of permissible discovery under Rule 17(c).

As a threshold matter, Mr. Benjamin cannot use a Rule 17(c) subpoena to end-run an unsuccessful Rule 16 motion. Courts have routinely held that Rule 17(c) "is not intended to be a tool for discovery, which is governed generally by Rule 16." *United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018); *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (finding that a Rule 17(c) subpoena should not be "turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16]"). In fact, the Supreme Court has explained that: "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, to the extent Mr.

---

[1] On November 16, 2022, Mr. Migdol requested until November 22, 2022 to file this limited response. On the evening of November 22, 2022, Mr. Benjamin filed a reply to the Govt. Opposition ("Reply," ECF Doc. # 74). Mr. Migdol can file a further response should the Court find it helpful.

The Honorable J. Paul Oetken
November 22, 2022

Benjamin's Letter Motion seeking information from Mr. Migdol's Gmail, laptop, and iCloud accounts under Rule 16 is denied, so too should his request for issuance of the Subpoena.

Moreover, as discussed in the Govt. Opposition, Mr. Benjamin's Subpoena plainly fails the test set forth in *United States v. Nixon*, 418 U.S. 683, 698-99 (1974), requiring that a Rule 17(c) subpoena specifically identify the documents it is seeking, and establish the relevance and admissibility of those documents.[2] In *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511 (S.D.N.Y. 2013), this Court held that:

> In order to avoid speculation that the moving party is using Rule 17(c) to circumvent normal discovery requirements, the party's Rule 17(c) subpoena must be able to reasonably specify the information contained or believed to be contained in the documents sought rather than merely hope that something useful will turn up. Subpoenas seeking any and all materials, without mention of specific admissible evidence, justify the inference that the defense is engaging in the type of fishing expedition prohibited by *Nixon*.

*Id.* at , 512-513 (cleaned up); *see also United States v. Bergstein*, No. 16-CR-746 (PKC), 2018 WL 9539766, at *2 (S.D.N.Y. Jan. 22, 2018) (denying Rule 17(c) subpoena that includes sweeping requests for production, rather than reasonably specifying evidentiary materials that satisfy *Nixon*).

Contrary to these well-established principles, Mr. Benjamin's Subpoena covering a *five year time period* has all the hallmarks of a sweeping civil discovery request "premised on a mere[ ] hop[e] that something useful will turn up." *United States v. Avenatti*, No. (S1) 19 CR 373 (PGG), 2020 WL 508682, at *5 (S.D.N.Y. Jan. 31, 2020) (cleaned up).  Like in *Avenatti*, the requests here sweep "too broadly" by seeking documents and communications made, for example, *after* Mr. Migdol's arrest.  Thus, the requests far exceed the conduct forming the basis of the indictment.  *See Id.* at *5.  The Subpoena's four document requests are also all prefaced by the phrase "*[A]ll* documents and communications" from over *thirty-four* different sources, including but not limited to Mr. Migdol's text messages, iMessages, chats, email accounts, websites, social media, facebook, twitter, shutterfly, dropbox, google drive, google documents, and iCloud.  Setting aside that the contents of Mr. Migdol's phone have already been turned over to Mr. Benjamin, the Subpoena's six defined terms and four document requests are unduly broad as lacking sufficiently specific limitations on time period and subject matter.

---

[2] Mr. Benjamin's reliance on a select group of cases applying the standard set forth in *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y 2008), is of no moment.  *See* Letter Motion at 9-10.  The Second Circuit and district courts in this Circuit "have almost unanimously applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant." *United States v. Cole*, No. 19 CR. 869 (ER), 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021) (cleaned up) (collecting cases); *see also* Govt. Opposition at 10.  Nothing in Mr. Benjamin's Letter Motion compels a different result here.

The Honorable J. Paul Oetken
November 22, 2022

Take, for example, Mr. Benjamin's request seeking: "*All* documents and communications concerning any public funding or grants requested by or received by [Mr. Migdol] (including *anyone* acting on behalf of [Mr. Migdol] or *any* related entity]). . . ." (Ex. K at 7) (emphasis added). Nothing in this request identifies a narrow group of documents or specific group of records for which evidentiary value is clear. Indeed, the request for material from "*any* related entity" or "*anyone* acting" on Mr. Migdol's behalf is anything but specific. The same deficiencies are obvious with respect to Mr. Benjamin's other requests, failing to identify the kind of information sought or their relevance and admissibility. *See United States v. Louis*, No. 04 cr 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena seeking "any and all" documents "relating to several categories of subject matter[,] . . . rather than specific evidentiary items" as justifying the inference that the "defense is engaging in the type of fishing expedition prohibited by *Nixon*"); *see also* Govt. Opposition at 9-10. Mr. Benjamin's Reply only reinforces the inappropriateness of a Rule 17(c) subpoena based entirely on the hope that the requested documents "will establish," without more, their defense theory. Reply at 9-10.

Finally, Mr. Benjamin blanketly asserts that "compliance with the subpoena would not be unreasonable or oppressive" without any factual support. Letter Motion at 9. That argument strains credulity given the volume of material requested from multiple sources by November 29, 2022. Rule 17(c)(2) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Here, the Subpoena requests the production of myriad documents and communications in Mr. Migdol's possession, including from "email accounts, websites, social media, facebook, twitter, shutterfly, dropbox, google drive, google documents, [and] iCloud" by November 29, 2022. Ex. K at 5. Collecting and reviewing these materials by a January 23, 2023 trial date, let alone November 29, would be unquestionably burdensome and oppressive.

For the foregoing reasons, Mr. Benjamin's request to so-order the Subpoena should be denied.

Respectfully,

/s/ Joel Cohen

Joel Cohen
Jerry H. Goldfeder
Elizabeth C. Milburn